Good morning, Your Honor. Dave Goodwin for Petitioner Melendez. I'd also like to reserve two minutes for rebuttal, if need be. Whatever you have left on the clock there is yours. Okay, thank you. The one thing I'd really like this Court to remember is how this whole situation arose. It was really by, whether intentionally or not, I don't know, a dilatory tactic on the part of the district attorney that made it impossible to fully redact the statement in any effective way. The district attorney had said they were going to redact the statement and then at the last minute it was go to trial and, oh, we can't redact it because we desperately needed to come in this way and we have to have the full thing. The judge wouldn't have a dual jury that wouldn't sever. Finally, at the very end, the judge says, well, this is so vague, I'm not going to entertain any more motions. There's no mention of your client by name in the statement, right? That's correct. Not by his regular name, not by his given name. Not by his name, no. There is a reference in the statement to street names or pseudonyms or...  Monikers, right. And he was one of the four names mentioned. I'm asking a question. Yes, he was one of the names mentioned. I'm just trying to confirm. Yes, it was also a reference to you guys, the police asked. We know you guys is okay. I think the problem is that the reference to street name, it didn't directly tie him in. So there's not any place where, you know, well, let's say his street name was Chico. I don't remember which his street name was or which one he was. But there isn't someplace that says, oh, that's Melendez. There's no direct thing. There's no sort of Rosetta Stone. No, there's no direct. So why isn't this exactly, I mean, the state calls this self-redacting, but why isn't this exactly the kind of statement that does not fall within Bruton and Gray? Because there's no key. It's not Gray where it was clear it had to be him. Well, I think in the full context, you know, it has to be him. It's the sort of thing, if you're looking around to the next guy at council table, you know, there's two people. It's a reference to two people, you know, unless the district attorney is. Well, if you take that attitude that whoever is sitting at the council table must be the person involved, then it can never be redacted. Then Gray doesn't mean anything at all. You can never redact a statement. But there's some cases where you redact a statement to just leave out the reference to another person. Well, didn't they agree to be tried together? No. They did not want to be tried together. Originally they did when the DA had made a representation that there was going to be a severance, if I remember correctly. It was not a severance, a redaction. The DA had promised to redact the thing. That was the whole premise. And up until that point, there was not an issue, but it only became an issue when the whole focus changed and the district attorney said that he could no longer get it in, he could no longer redact the statement sufficiently. So whether or not they agreed to be tried together, that was before the problem arose. They did not want a severance because they didn't want a delay. One person, I forget which one, I did not want to wait until after. But that's a choice between whether you give up your confrontation or your right to a speedy trial after you've been sitting in jail for two years. You know, I've seen what you've written and I've listened to you now for five minutes and I have yet to be able to wrap my head around what it is, other than saying that any reference to another person is bad and brute, which I think is not the case. I think Gray allows you to some latitude in making reference to another person so long as it's diffuse enough. What have you got? What is the harm? I mean, point to evidence in the record that so obviously made the defendant, the other person referred to, that it's a brute violation. Well, one problem is that he says he was there. He says, who does? Mr. Melendez. But he denied the role. The problem with this statement, petitioner Melendez admitted he was there in his statement to the police that he made. They both made statements. So he was clearly there. But so were others, right? I don't think they were at the time of the shooting. Four people went out and then I don't remember. I don't think four were there at the time of the shooting. Then they walked through. I think it was two. But he says he was there. So he's tied in. And then Rodriguez gives him a specific role as one of the shooters. In this statement? In the statement, yes. Well, it seems to me that all this could have been obviated by separate trials. That was not an option. The defense, it was the attorney, it was the DA who consolidated. It was separate. At the time it was consolidated, this was not an issue. It only became an issue after the district attorney said, I cannot redact it as I promised that I would. You're right. It would have been obviated by separate trials. Bruton was on the books. Yes, but that wasn't an option at the time. There was no need for a separate trial prior to the district attorney's last minute announcement. And then the separate trials were not an option. I don't know why they weren't an option. One of the things was waiving time. And I really don't remember the other part of it. I could have made a letter brief if you wanted. But at the time, I remember that it wasn't one of the options. Well, the one that didn't want to waive time could have gone to trial. And the one that was a choice. Which one of your rights do you waive out? You've got about two minutes left. Do you want to save that? I'll save that if needed. Thank you. We'll hear from the State. Good morning, Your Honors, and may it please the Court, Deputy Attorney General Stephen Mercer for respondent. First, if I may address Judge Briggerson's concern about the separate trials. The reason there weren't separate trials is because all the parties agreed that the statements could be properly redacted. And there was no problem with that principle until we were well into the trial, at which point defense counsel made some limited objections to the failure to redact the neutral pronouns and the physical description of one of the gang members, Little Largo. So that's really not before this Court. What I would like to say is that I think this case boils down to what Chief Judge Kaczynski just asked hypothetically, and that is, what do you have? What do you have that makes this an incriminating statement against this defendant? And the answer is nothing. Therefore, Melendez comes to this Court and asks this Court to apply a slightly different law. Because in Gray, the Supreme Court said that unless the deletion is obvious, it's an obvious redaction, it's deleted, it makes a vivid indication that the defendant is the one referred to, there's no problem. But Melendez now argues before this Court in his reply brief in page 5 that this Court should expand that and say that even non-obvious redaction should fall under the scope of that. That's not what Gray says. His alternative is to say other evidence linked him to the statement, the physical description, these gang monitors. But Richard Sleavy Morris from the U.S. Supreme Court said that does not present a confrontation cause problem, and this Court held the exact same thing in Hawaii, which is cited in the briefs. The other thing I would like to say is that even assuming that this was confrontation cause error, we have a district court who did a painstaking review of the record, and he called the independent evidence of his guilt overwhelming. And that's a phrase and a term that you often hear from the government or the parties in briefing it. But here we have a district court judge assessing the evidence independently and finding that even if there's somehow confrontation cause error, we have overwhelming independent evidence. And Melendez never seriously addresses that issue. He suggests to this Court that he can show prejudice under the now-defunct lesser standard of Chapman. That's no longer the law. The U.S. Supreme Court has clearly stated that the Brecht v. Abramson is the only prejudice that matters for State prisoners challenging their convictions on federal habeas corpus. So it is Melendez's burden to show actual prejudice, a substantial injurious effect of some error on the verdict. He's never done so, and therefore, we would submit that not only is there no confrontation cause error given the self-indacting statement. Let me try to understand the effect of, let's say, Hogue. Let's say the statement by the co-defendant is, which is a little different from what's here, but let's just say, I went down with this guy who wore this green jacket, Kelly green jacket. It describes the shade of green very clearly. Green and orange, you know, something. And the guy in the green and the orange jacket did the shooting. And then there's testimony elsewhere that on the day of the shooting, close to the time of the shooting, defendant, co-defendant is seen wearing this peculiar green and orange jacket. You read Hogue as saying that's not a bulletin confrontation. Well, I would agree that obviously the facts are different. But if he is only linked to the statement by other independent evidence, such as Your Honor suggested, then yes, I don't think that that is a confrontation clause problem. Now, if the physical description in the statement. I'm having trouble understanding why that's the case. If, for example, he says I was there with my buddy Buzz, you know, and then somewhere else in the testimony it turns out that the co-defendant has a nickname named Buzz, that would be a bulletin violation, wouldn't it? I mean, the fact that he uses Buzz is supposed to. I think you need some of this other evidence to tie Buzz to the defendant. Under that narrow hypothetical, I would agree that that perhaps could be a statement that becomes spatially incriminating. And how is it different if they talk about the green and the orange jacket? Well, I think that, again, this gets to the very fact-by-fact, case-by-case nature of these arguments. I think that that would be other independent evidence that is not necessarily. It does not render the statement itself facially incriminating, as opposed to your situation where we have one person named Buzz. He's the defendant. That's what it says in the statement. Then the statement itself becomes criminally, excuse me, facially incriminating. And then you can run afoul. But it strikes me that in both cases all you're doing is you're using different means for identifying one person from the mass of humanity, and whether you identify them by a moniker or a nickname, as opposed to identifying them by what they happen to wear that day. I'm not quite sure I understand the difference.  Is the statement itself incriminating? Is it facially incriminating? Does it become facially incriminating based on either an obvious redaction or some unique other evidence? The U.S. Supreme Court in this court has drawn the line to say if it's only linked to the defendant through other evidence, it's not a confrontation clause problem. I would also point out that the issue of gang monikers is not properly before this court, as the district court found below. That was expressly agreed to by the trial attorneys, the defense attorneys, that these references to various gang monikers, which were never linked to the defendant, unlike the buzz, nicknames, are not before the court. Well, what your opposing counsel is arguing, if I understand correctly, is the court defendant says, yes, there were four people involved, but at the time of the shooting, only one other person was with me, and this one other person pulled the trigger. And then you've got this other statement in the record from Menendez himself, admitting that he was alone with Rodriguez. At the very time at which Rodriguez has the guy with him, the shooting, I guess I'm having trouble understanding why that's not a burden violation. Because the confrontation clause concern is just with that first statement. Is that statement introduced at the trial improperly incriminating a defendant without being able to cross-examine him? So the fact that there is other trial evidence that indicates guilt and puts him at the scene or puts him at the shooter, that's not the confrontation clause. You will have to agree, I think, that Rodriguez's statement is incriminating of some other human being. Certainly. You don't disagree with that. I mean, he says. And then aren't we down to questioning how well-identified this other human being is? The point is to take that Rodriguez's statement and appropriately redact that statement. Now, the prosecution still has the burden to prove this defendant committed this crime beyond a reasonable doubt. So there's going to be all kinds of other evidence in here, such as Menendez's own statement, that he went there knowing they were going to shoot a rebel gang member. So the concern is limited to the statement itself. Here we have a situation where, at this Court's direction, the district court determined that that statement was properly redacted well within the confines of burden, and that even if it's somehow improper. What would have detracted had the portion of the statement that said this other person did the shooting, had that been sort of deleted from the statement? What damage would that have done? Well, if the redaction in the statement was to the level that it was an obvious redaction that could only point to the defendant, which is not this case, then that very well could be a concern. I would agree. I actually mean what damage would it have done to the government's case against Rodriguez. I mean, the statement was being introduced and could only be used against Rodriguez. Right. And how would the state have been prejudiced had the judge cut out the portion of the statement that mentioned another person? Well, I think because the statement of Rodriguez, if I recall, says that we went and did this and went here and walked there and put Rodriguez at the scene. The fact that it also put other people at the scene and in the car I think is beside the point, but it was still admissible evidence against Rodriguez. Right. I don't disagree that all of it was admissible against Rodriguez. Clearly admissible. The question is if they had left in also the statement but cut out the part that made reference to another person, how would that have damaged the government's case? I don't know. I think that would be a judgment for the trial judge and the trial attorneys to decide whether such a heavily redacted statement would be intelligible or useful at that point. Okay. Thank you. Thank you. You have a couple of minutes, Mr. Roberto. Thank you. I'd like to just one point that Mr. Mercer started out with. He started out by saying that all parties agreed that it would be redacted. That's the case. All parties agreed it would be redacted. And then two days before trial, the DA comes in and says, oh, I'm sorry, I can't redact it as we thought. That's why we're here today. And this is a perpetual thing that I'm going to give the poor defense attorney argument. The DA needs it. They need it. They need it. It's crucial for their case. It's crucial for their case. And then after it comes in, well, it doesn't have any impact. It's overwhelming. This is an AEDPA case, right? Pardon me? This is an AEDPA case. Yes. And so we have to give a great deal of deference. Yes. The other thing I'd like to talk about on overwhelming, this is very similar in a way to the HOAC case. When you look at overwhelming evidence, you have to look at overwhelming evidence of what? There was ambiguity about Petitioner's rule. It's overwhelming he was there. It's similar to HOAC. In HOAC, the evidence, this statement eliminated the person. He said, I sent the leeching nuts to an address. And the defendant in HOAC admitted he received them. He just denied intent and knowledge as to the nature of the, of his handling of the leeching nuts. So the actual issue and dispute is his intent. And that's the same thing here. There's overwhelming evidence. And the other thing I did check, Jones, the eyewitness, said there were only two people at the shooting. Okay. Thank you. And I'm out of time. Thank you very much. Thank you. The case's argument stands submitted. We'll next hear argument in Brown v. Southern California, IBEW.
judges: Kozinski, Pregerson, Mills